UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Barbara Carson,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Ioan Donut Holdings, LLC, dba Dunkin' Donuts,<br><br>　　　　Defendant. | Civil Action No.<br><br>Jury Trial Demanded |

## PLAINTIFF'S COMPLAINT

Plaintiff Barbara Carson files this lawsuit for violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA") against Defendant Ioan Donut Holdings, LLC, and alleges:

### I. JURISDICTION

1.　Jurisdiction over Plaintiff's claim is based upon Section 216 (b) of the FLSA, which authorizes employees to bring civil actions in courts of appropriate jurisdiction to recover damages for discrimination against any employee who complains of violations of the FLSA pursuant to Section 215(a) (3) and upon 28 U.S.C. §§ 1331 and 1337.

## II. VENUE

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because the Plaintiff and the Defendant reside in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III. FACTS

3. Plaintiff was an employee of Defendant as defined by the FLSA at 29 U.S.C. §203(e).

4. Defendant is a Georgia corporation located at 1050 Cambridge Sq., suite A, Alpharetta Georgia, 30009.

5. Service may be made on Defendant through its Registered Agent, James Laskaris at the address listed in paragraph 4.

6. Defendant is an "employer" as defined in the FLSA at 29 U.S.C. § 203(d).

7. Defendant is engaged in interstate commerce and has an annual dollar volume of business in excess of $500,000 and has employees engaged in commerce or handling goods which have moved in interstate commerce or have been produced for commerce.

8. Defendant is a franchisee of Dunkin Donuts and operates several Restaurants in the Atlanta area.

9. Defendant employed Plaintiff as a Dunkin Donuts store manager from November 1, 2010 until it April 4, 2013 when she was fired.

10. Plaintiff was fired by Defendant's representative, District Manager Stephanie Ashby.

11. About two months before Plaintiff was fired, in a meeting, Ashby directed Plaintiff to change the dates of employee work hours in Defendant's Radiant Systems payroll program to prevent employees from being paid overtime.

12. Plaintiff objected to Ashby that changing dates to prevent overtime was illegal and was told by Ashby that it was not illegal unless it was done without an employee's permission.

13. Over the next two months, Plaintiff expressed her concern to Ashby about changing payroll records to avoid overtime pay.

14. Ashby also forwarded to Plaintiff a form for employees to acknowledge that they understood they would not be paid overtime for hours worked over 40 in a week.

15. On April 3, 2013, Ashby told Plaintiff not to change timesheets to prevent overtime payments. When Plaintiff reminded Ashby that she had previously said it was okay to change the payroll dates, Ashby said because there was some kind of investigation, they could not do it anymore.

16. On April 4, 2013, Ashby accused Plaintiff of not making a $1334.00 deposit and threatened to have Plaintiff arrested if she did not sign a writing to repay the $1334.00 allegedly missing from a bank deposit.

17. Ashby also told plaintiff that if she signed the writing, Defendant would not fire her.

18. Plaintiff never failed to make a deposit or took any money from Defendant.

19. Plaintiff, a single mother of two teenage daughters, signed the writing to avoid arrest and keep her job, confident that a review of bank records and Defendant's in-store video would clear up any discrepancy.

20. Immediately after Plaintiff signed the writing, Ashby fired her and refused Plaintiff's requests to review bank records and Defendant's in-store video recordings.

## COUNT I
## UNLAWFUL RETALIATION PURSUANT TO THE FLSA

21. Plaintiff incorporates paragraphs 1 – 19 of this Complaint as if fully set forth herein.

22. Falsification of time records is unlawful pursuant to Section 15(A) (2) of the FLSA.

23. As an employee protected by the FLSA, Plaintiff is entitled to be free

from discrimination for reporting violations of the FLSA.

24. Deliberate falsification of time records is a criminal violation of the FLSA pursuant to section 216(a)

25. Plaintiff's objections and concern to Ashby regarding Defendant's practice of directing managers to falsify time records to avoid paying overtime are complaints pursuant to section 215(a) (3) of the FLSA.

26. Defendant's firing of Plaintiff after she complained about being instructed to falsify time records is retaliation in violation of section 215 (a) (3) of the FLSA.

27. Defendant knew or should have known that termination of Plaintiff after she had made complaints regarding Defendant's falsification of time records violated the Fair Labor Standards Act.

28. Defendant has violated and continues to violate the Fair Labor Standards Act.

29. Defendant has not engaged in any good faith effort to determine whether or not its employment practices violated the Fair Labor Standards Act.

30. The Defendant's violations of the Fair Labor Standards Act were intentional, willful, and in conscious disregard for Plaintiff's rights under the law.

WHEREFORE, Plaintiff prays for relief as follows:

(1)  Trial by Jury;

(2)  An Order declaring that Defendant is liable to Plaintiff for reinstatement to her former position, including promotion and payment of wages lost, including any increases she would have been entitled to; plus an additional equal amount as liquidated damages;

(3)  An award of all costs of attorney's fees and litigation expenses;

(4)  Pre-judgment interest; and

(5)  For such other and further relief as this Court deems just and equitable.

Respectfully submitted,

STUART & JOHNSTON, LLC
By: /s/ Gordon S. Johnston

Gordon S. Johnston
Georgia Bar No. 396401
3343 Peachtree Rd. NE, Suite 530
Atlanta, GA 30326
Phone: (404) 662-2615
Fax: (404) 795-0891
gjohnston@stuartandjohnston.com
